IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TADASHI KURA KOJIMA, aka AARON MICHAEL ZEMAN,<br><br>Defendant. | **ORDER TO CONTINUE JURY TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Case No. 1:23-cr-00006 HCN<br><br>Magistrate Judge Jared C. Bennett |

Based on Defendant's Stipulated Motion to Continue Jury Trial filed by Defendant, Tadashi Kura Kojima, and good cause appearing, the Court makes the following findings:

Mr. Kojima appeared on August 21, 2023, for an arraignment on the Indictment. Trial was scheduled for October 24, 2023, which was within the time allowed under the Speedy Trial Act.

Defendant has moved to continue trial pursuant to 18 U.S.C. §3161(h)(7) (ends of justice). Defendant seeks a continuance under 18 U.S.C. §3161(h)(7)(A), which allows this court to grant a motion to continue if it finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial. This is the first request for continuance of the trial in this matter.

The length of delay requested is 180 days.

The facts that support this allegation include the following: The defense needs additional time to meet with Mr. Kojima and review the discovery in this case.

Mr. Kojima was recently moved to a new jail which made visiting him more difficult.

Furthermore, due to the lengthy mandatory minimum sentence at issue in this case, and the related state charges in Nebraska, counsel anticipated needing more time than normal to attempt to work a global resolution with the authorities in Nebraska. A continuance of at least 180 days is requested.

Mr. Kojima is in custody. Counsel has conferred with him and explained the need for the continuance, and he agrees that the defense will not be hindered or prejudiced by the delay.

Counsel for the Government, Carol A. Dain has been contacted and does not object to this motion to continue.

There are no other co-defendants in this matter.

This continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the United States or the defense, or failure on the part of the attorney for the United States to obtain available witnesses.

Based on the foregoing findings, the court concludes that failure to grant a continuance would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and Defendant in a speedy trial.

THEREFORE, IT IS HEREBY ORDERED that the 3-day jury trial previously scheduled to begin October 24, 2023, is continued to the _____ day of _____, 2023 at _____. The time between the filing of Defense's Stipulated Motion to Continue, September 26, 2023, and

the new trial date set forth above is excluded from speedy trial calculation for good cause.

Dated this ____ day of September, 2023.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge