UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TADASHI KURA KOJIMA, aka AARON MICHAEL ZEMAN,<br><br>Defendant. | ORDER CONTINUING JURY TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Case No. 1:23-cr-6<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Having considered Defendant's motion to continue jury trial, the court hereby finds as follows:

Defendant was arraigned on August 21, 2023, and trial was scheduled for October 24, 2023, which was within the 70 days allowed under the Speedy Trial Act. *See* Dkt. No. 10. Defense counsel moves to continue the trial. *See* Dkt. No. 22. This is the defense's first request for a continuance. Defendant is in custody and agrees that his defense will not be hindered or prejudiced by the delay. The Government does not object to the proposed continuance. There are no co-defendants.

Defense counsel represents addition time is necessary to meet with Mr. Kojima and review the discovery in this case. Mr. Kojima was recently moved to a new jail, which has made visiting him more difficult. Furthermore, due to the lengthy mandatory minimum sentence at issue and the related state charges in Nebraska, counsel anticipates needing more time than usual to attempt to work out a global resolution with the authorities in Nebraska. If an agreement cannot be reached, counsel will need additional time to prepare for trial.

Based on these representations, the court finds that failure to grant a continuance would result in a miscarriage of justice and deny counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). The court finds that the length of the requested continuance is reasonable and reasonably related to the reasons for the continuance. For these reasons, the court finds that the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial. Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for excluding time under the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued to April 23, 2024.

2. The time period from September 26, 2023, to April 23, 2024, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

IT IS SO ORDERED.

Dated this 28th day of September, 2023.
BY THE COURT

_____
Howard C. Nielson, Jr.
United States District Judge