UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TADASHI KURA KOJIMA, aka AARON MICHAEL ZEMAN,<br><br>Defendant. | ORDER CONTINUING JURY TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Case No. 1:23-cr-6<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Having considered Defendant's motion to continue jury trial, the court hereby finds as follows:

Defendant was arraigned on August 21, 2023, and trial was scheduled for October 24, 2023, which was within the 70 days allowed under the Speedy Trial Act. *See* Dkt. No. 10. Since then, the court issued one order granting a request to continue the trial date and excluding time under the Speedy Trial Act. *See* Dkt. No. 24. The trial is now scheduled to begin on April 23, 2024. *See* Dkt. No. 26. Defense counsel moves to continue the trial. *See* Dkt. No. 27. This is the defense's second request for a continuance. Defendant is in custody and agrees that his defense will not be hindered or prejudiced by the requested continuance. The Government does not object to the proposed continuance. There are no co-defendants.

Defense counsel represents that the parties are attempting to resolve the current case by globalizing the federal case with state charges out of Nebraska. To date, defense counsel reports significant difficulty in communicating with the authorities in Nebraska. Defense counsel recently communicated with Mr. Kojima's defense attorney in Nebraska and is hopeful that more fruitful discussions and negotiations will occur in the coming weeks and months. Because

1

defense counsel believes that globalization of the two cases is in Mr. Kojima's best interest, counsel requests a continuance of at least 120 days to allow the parties to work out a proposed resolution of the two cases. If an agreement cannot be reached, counsel will need additional time to prepare for trial.

Based on these representations, the court finds that failure to grant a continuance would result in a miscarriage of justice and deny counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). The court finds that the length of the requested continuance is reasonable and reasonably related to the reasons for the continuance. For these reasons, the court finds that the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial. Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for excluding time under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued to August 20, 2024.

2. The time period from March 26, 2024, to August 20, 2024, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

IT IS SO ORDERED.

Dated this 8th day of April, 2024.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge