# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TADASHI KURA KOJIMA, aka AARON MICHAEL ZEMAN,<br><br>Defendant. | ORDER CONTINUING JURY TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Case No. 1:23-cr-6<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Having considered Defendant's motion to continue jury trial, the court hereby finds as follows:

Defendant was arraigned on August 21, 2023, and trial was scheduled for October 24, 2023, which was within the 70 days allowed under the Speedy Trial Act. *See* Dkt. No. 10. Trial is now scheduled to begin on August 20, 2024. *See* Dkt. No. 29. Defense counsel moves to continue the trial. *See* Dkt. No. 31. Defendant is in custody. He has been consulted regarding this motion and agrees with the Need for a continuance. The Government does not object to the proposed continuance. There are no co-defendants.

Defense counsel represents that the parties are still working toward a global resolution of this matter and state charges in Nebraska with the authorities from that State. Defense counsel further reports that he has had several important conversations with Mr. Kojima's attorney in Nebraska regarding a global resolution and is optimistic that a resolution will be reached with an additional 90 days. If an agreement cannot be reached, counsel will of course need additional time to prepare for trial.

Based on these representations, the court finds that failure to grant a continuance would result in a miscarriage of justice and deny counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). The court finds that the length of the requested continuance is reasonable and reasonably related to the reasons for the continuance. For these reasons, the court finds that the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial. Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for excluding time under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued to December 10, 2024.

2. The time period from July 26, 2024, to December 10, 2024, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

IT IS SO ORDERED.

Dated this 12th day of August, 2024.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge