TRINA A. HIGGINS, United States Attorney (7349)
CAROL A. DAIN, Assistant United States Attorney (10065)
TRAVIS K. ELDER, Assistant United States Attorney (11987)
Attorneys for the United States of America
111 South Main Street, Suite 1800 | Salt Lake City, Utah 84111
(801) 524-5682 | Travis.Elder@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>TADASHI KURA KOJIMA, aka AARON MICHAEL ZEMAN,<br><br>   Defendant. | **MOTION FOR ORDER OF FORFEITURE**<br><br>Case No. 1:23-CR-00006-HCN<br><br>Judge Howard C. Nielson, Jr. |

Pursuant to FED. R. CRIM. P. 32.2(b), and 18 U.S.C. § 2428, the United States of America moves the Court to enter an Order of Forfeiture, and in support states:

1. On January 25, 2023., the United States charged TADASHI KURA KOJIMA, in Count Two, with Transportation with Intent to Engage in Criminal Sexual Activity in violation of 18 U.S.C. § 2423(a). Indictment, ECF 5. The indictment notified the defendant that upon conviction, the United States would seek forfeiture of any property used or intended to be used to commit or to facilitate the commission of such violation; or constituting or derived from any proceeds that the defendant obtained, directly or indirectly, as a result of such violation under 18 U.S.C. § 2428. *Id*.

2. The property to be forfeited (Subject Property) includes:

- Republic of Gamers laptop, model RYZEN 4000, series AX200NGW, SN: L8NRKD003182337;
- ASOF TUF F17 Gaming laptop, model TUF706HM, SN: M7NRCX06E11730G;
- Motorola CE Cell phone, type MC36F;
- Garmin Approach S20, SN: 4D0217330; and
- White 1998 Toyota Avalon, VIN: 4T1BF18B1WU284416.

3. On November 19, 2024, the defendant pleaded guilty. *See* Plea Hr'g Min. Entry, ECF 39.

4. As part of the Defendant's Statement in Advance of Guilty Plea filed on November 18, 2024, the defendant agreed to forfeit the Subject Property. ECF 36 at 6, 7. Before the court can enter an order forfeiting the Subject Property, it must find a "nexus between the property and the offense" under FED. R. CRIM. P. 32.2(b)(1)(A). As provided for in FED. R. CRIM. P. 32.2(b)(1)(B), the court may make its nexus determination by considering: (1) "evidence already in the record, including any written plea agreement;" and (2) "any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." The defendant described the nexus between the Subject Property and the offense, including that he transported the victim from Utah to Nebraska. Law enforcement found the Subject Property inside the vehicle the defendant was found in with the victim. *Id*. at 4.

5. As contemplated by FED. R. CRIM. P. 32.2(c)(2), the proposed order provides that it will become the final order of forfeiture if no third parties file petitions claiming an interest in the forfeited property. For a preliminary order to become a final order, the Court must find that the defendant, or any combination of defendants, "had an

interest in the property that is forfeitable under the applicable statute." FED. R. CRIM. P. 32.2(c)(2). Law enforcement reported they located inside the vehicle (subject to forfeiture) laptops, a cell phone, watch, Wi-Fi Connector, passports for both victim and defendant, notebooks containing detailed plans on changing names and obtaining birth certificates for both the victim and the defendant. This interest is one that is subject to forfeiture under 18 U.S.C. § 2428.

6. Under FED. R. CRIM. P. 32.2(b)(1)(A) and (b)(2)(A), if the Court determines that the United States has made the required showing under the statute authorizing forfeiture noted above, the Court must enter an order forfeiting the property without regard to any third-party interest.

7. Based on the defendant's statement in advance of plea and guilty plea and under 18 U.S.C. § 2428, the defendant committed an offense for which forfeiture is authorized, the requisite nexus between the Subject Property and the offense is present, and the defendant has a forfeitable interest in the Subject Property. Accordingly, the United States requests that the Court so find and order all right, title, and interest in the Subject Property forfeited to the United States.

8. Under FED. R. CRIM. P. 32.2(b)(3), once the order is entered the Attorney General (or designee) is authorized to seize the property, conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, and commence proceedings that comply with any statutes governing third-party rights.

9. In this case, the applicable statute governing third-party rights is 21 U.S.C. § 853(n). Prior to becoming final as to third parties, the order requires the United States to comply with various requirements of that provision and provides a roadmap for addressing any third-party petitions that may arise.

10. Therefore, the United States asks the Court to enter the enclosed order of forfeiture and, as required by FED. R. CRIM. P. 32.2(b)(4)(B), to orally announce the forfeiture at the defendant's sentencing with a reference to the forfeiture order in the judgment.

Respectfully submitted,

TRINA A. HIGGINS
United States Attorney

*/s/* **Travis K. Elder**
TRAVIS K. ELDER
Assistant U.S. Attorney