UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>TADASHI KURA KOJIMA, aka AARON MICHAEL ZEMAN,<br><br>  Defendant. | **ORDER OF FORFEITURE**<br><br>Case No. 1:23-CR-00006-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Court Judge |

Based on the government's Motion for Order of Forfeiture, and good cause appearing, the Court GRANTS the motion, and FINDS:

Considering the defendant's plea of guilty to Count Two of the Indictment charging the defendant with Transportation with Intent to Engage in Criminal Sexual Activity in violation of 18 U.S.C. § 2423(a), the defendant must forfeit to the United States any property used or intended to be used to commit or to facilitate the commission of such violation; or constituting or derived from any proceeds that the defendant obtained, directly or indirectly, as a result of such violation under 18 U.S.C. § 2428.

Based on the government's motion, the defendant's plea of guilty, and the statement in advance of plea, the property to be forfeited (Subject Property) includes:

- Republic of Gamers laptop, model RYZEN 4000, series AX200NGW, SN: L8NRKD003182337;
- ASOF TUF F17 Gaming laptop, model TUF706HM, SN: M7NRCX06E11730G;
- Motorola CE Cell phone, type MC36F;

- Garmin Approach S20, SN: 4D0217330; and
- White 1998 Toyota Avalon, VIN: 4T1BF18B1WU284416.

Pursuant to FED. R. CRIM. P. 32.2(b)(1)(A) and 32.2(b)(2)(A), the Subject Property is subject to forfeiture under 18 U.S.C. § 2428 because the United States has established the requisite nexus between the property and the offense. Pursuant to FED. R. CRIM. P. 32.2(c)(2), the defendant had an interest in the Subject Property that is also forfeitable under that same provision.

Accordingly, IT IS HEREBY ORDERED:

Pursuant to 18 U.S.C. § 2428 and FED. R. CRIM. P. 32.2(b), all right, title, and interest in the Subject Property is forfeited to the United States of America.

Under FED. R. CRIM. P. 32.2(b)(3), the Attorney General (or designee) is authorized to seize the Subject Property, conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, and commence an ancillary proceeding under 21 U.S.C. § 853(n) to account for potential third-party interests.

Under 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order on the government's internet website, www.forfeiture.gov. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Under 21 U.S.C. § 853(n)(2), any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of

notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property.

Under 21 U.S.C. § 853(n)(3), any third-party petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claims, and the relief sought.

Under FED. R. CRIM. P. 32.2(c)(1)(B), after the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

Under 21 U.S.C. § 853(n)(7), the United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

FED. R. CRIM. P. 32.2(b)(4), this order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and referenced in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary under FED. R. CRIM. P. 32.2(e).

SO ORDERED this _____ day of January, 2025.

                              BY THE COURT:

                              _____
                              HOWARD C. NIELSON, JR.
                              United States District Court Judge