AO 245B (UTD Rev. 03/25)    Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Utah

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| TADASHI KURA KOJIMA | Case Number:  DUTX1:23CR00006-001 HCN |
| | USM Number:  38194-510 |
| | Spencer W. Rice |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    Two of the Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2423(a) | Transportation of a Minor with Intent to Engage in Criminal Sexual Activity | | Two |

The defendant is sentenced as provided in pages 2 through ___10___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    One of the Indictment    ☑ is    ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/14/2025
Date of Imposition of Judgment

Signature of Judge

Howard C. Nielson, Jr., United States District Judge
Name and Title of Judge

4/15/2025
Date

AO 245B (UTD Rev. 03/25)  Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___10___

DEFENDANT:   TADASHI KURA KOJIMA
CASE NUMBER:   DUTX1:23CR00006-001 HCN

# IMPRISONMENT

        The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

180 months. During his term of imprisonment, the Defendant shall not have any direct or indirect contact with any victim including correspondence, telephone contact, or communication through a third-party.

☑  The court makes the following recommendations to the Bureau of Prisons:
    That the Defendant be allowed to serve his term of imprisonment at a location where a residential sex offender treatment program is available and that he be allowed to participate in that program.  Based on defense counsel's representations, the Court believes that the Seagoville, Texas facility would be an appropriate designation.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at  _____  ☐ a.m.  ☐ p.m.  on  _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on  _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

at  _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

AO 245B (UTD Rev. 03/25)    Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page    3    of    10

DEFENDANT:    TADASHI KURA KOJIMA
CASE NUMBER:    DUTX1:23CR00006-001 HCN

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

LIFE. The Defendant shall report in person to the probation office in the district to which he is released within 72 hours of release from custody of the Federal Bureau of Prisons.

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
        ☐ The above drug testing condition is suspended, based on the court's determination that you
            pose a low risk of future substance abuse. *(check if applicable)*
4.    ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.    ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.    ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.    ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (UTD Rev. 03/25)    Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page    4    of    10

DEFENDANT:  TADASHI KURA KOJIMA
CASE NUMBER:  DUTX1:23CR00006-001 HCN

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining Court approval, notify the person about the risk or require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

Case 1:23-cr-00006-HCN    Document 47    Filed 04/16/25    PageID.176    Page 5 of 10
AO 245B (UTD Rev. 03/25)    Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page __5__ of __10__

DEFENDANT:  TADASHI KURA KOJIMA
CASE NUMBER:  DUTX1:23CR00006-001 HCN

# SPECIAL CONDITIONS OF SUPERVISION

1. The presentence report may be released to the state sex-offender registration agency if required for purposes of sex-offender

2. The Defendant shall participate in and successfully complete sex offender treatment, to include a risk assessment, at a program approved by the U.S. Probation Office. The Defendant shall abide by the rules, requirements, conditions, policies, and procedures of the program. The Defendant shall submit to periodic polygraph testing as directed by the U.S. Probation Office or treatment provider to ensure his compliance with the requirements of his supervision or treatment program. Neither the Defendant's answers to questions asked as part of a polygraph test nor the results of any polygraph test shall be used in any judicial proceeding as evidence that the Defendant violated the conditions of his supervision or committed a new offense. The Defendant shall allow reciprocal release of information between the U.S. Probation Office and the treatment provider. The Defendant shall be responsible for all costs of his treatment and related services.

3. The Defendant shall be restricted from contact with individuals who are under 18 years of age without adult supervision, as approved by the U.S. Probation Office.

4. The Defendant shall not view, access, or possess any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A) if the materials, taken as a whole, are primarily designed to arouse sexual desire.

5. The Defendant shall not have any contact with any victim including correspondence, telephone contact, or communication through a third-party, except under circumstances approved in advance and in writing by the probation officer.

6. The Defendant shall cooperate with the United States Probation and Pretrial Services Computer and Internet Monitoring program; Appendix A, Computer and Internet use (Not Applicable to Third Party Employment). Cooperation shall include, but not be limited to, identifying computer systems (as identified in 18 U.S.C. § 1030(e)(1)), internet capable devices, networks (routers/modems), and/or similar electronic devices (external hard drives, flash drives, etc.) to which the Defendant has access. All devices are subject to random inspection/search, configuration, and the installation of monitoring software and/or hardware at the Defendant's expense.
The Defendant shall inform all parties who access approved computer(s) or similar electronic device(s) that the device(s) is subject to search and monitoring. The Defendant may be limited to possessing only one personal computer and/or internet capable device to facilitate the ability to effectively monitor the Defendant's internet-related activities.
The Defendant shall report any and all electronic communications service accounts (as defined in 18 U.S.C. § 2510(15)–(17)) used for user communications, dissemination, and/or storage of digital media files (i.e., audio, video, images, documents, device backups) to the U.S. Probation Office. This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. The Defendant shall provide each account identifier and password and shall report the creation of new accounts. Changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account shall be reported within five days of such action. The Defendant shall permit the U.S. Probation Office to access and search any account(s).
This condition does not apply to computer systems, similar electronic devices, or electronic communications service accounts that are owned or provided by the Defendant's third-party employer or that are owned by other third-parties with whom the Defendant does not share a household.
The Defendant shall not possess or use any computer system, similar electronic device, or electronic communications service account owned or provided by a third party, other than a third-party employer, with whom the Defendant does not share a household.

7. The Defendant shall notify the U.S. Probation Office within 72 hours of acquiring or changing any type of communications device, including cellular telephones, personal telephones, business telephones, electronic mail address, or web address.

8. The Defendant shall refrain from incurring new credit charges or opening additional lines of credit unless in compliance with any established payment schedule and with the approval of the U.S. Probation Office.

Case 1:23-cr-00006-HCN   Document 47   Filed 04/16/25   PageID.177   Page 6 of 10
AO 245B (UTD Rev. 03/25)   Judgment in a Criminal Case
Sheet 3E — Supervised Release

Judgment—Page   6   of   10

DEFENDANT:  TADASHI KURA KOJIMA
CASE NUMBER:  DUTX1:23CR00006-001 HCN

## SPECIAL CONDITIONS OF SUPERVISION (CONTINUED)

9. The Defendant shall provide the U.S. Probation Office complete access to all business and personal financial information.

10. The Defendant shall not maintain more than one personal and/or business checking/savings account and shall not open, maintain, be a signatory on, or otherwise use any other financial institution account without the prior approval of the U.S. Probation Office.

11. The Defendant shall not transfer, sell, give away, or otherwise convey any asset with a value of $500 or more without the approval of the U.S. Probation Office.

12. The Defendant shall apply all money received from income tax refunds, lottery winnings, judgments, and/or anticipated or unexpected financial gains to the outstanding court-ordered financial obligations. The Defendant shall immediately notify the probation officer if he receives any money from any of these sources.

13. The Defendant shall be placed on the Statefinder and Treasury Offset programs, requiring that any state and federal tax refunds be intercepted and applied to the payment of the Defendant's court-ordered financial obligations.

14. The Defendant shall notify the U.S. Probation Office and the Office of the United States Attorney of any material change in his economic circumstances that might affect his ability to pay court-ordered financial obligations. The Defendant shall notify the U.S. Probation Office and the Office of the United States Attorney of any loss of employment or increase or decrease in income.

15. The Defendant shall submit his person, property, house, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), and other electronic communications or data storage devices or media to a search, conducted by the U.S. Probation Office, at a reasonable time and in a reasonable manner based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; and the Defendant shall warn any other residents that the premises may be subject to searches under this condition.

16. The Defendant shall submit to drug/alcohol testing, up to four tests per month, under a copayment plan, as directed by the U.S. Probation Office.

17. The Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficacy or accuracy of any prohibited substance testing that is required as a condition of supervision.

18. The Defendant shall not use, possess, or ingest products containing THC or CBD in any form unless they are approved by the Food and Drug Administration and obtained from a pharmacy by prescription from a licensed medical professional. For purposes of this condition, an authorization for THC or CBD issued under the law of any state is not valid; a state-issued marijuana medical card is not a prescription; and a THC or CBD dispensary is not a pharmacy. The Defendant shall not under any circumstances market any product containing THC or CBD.

19. The Defendant shall participate in and successfully complete a substance-abuse evaluation and/or treatment, under a copayment plan, as directed by the U.S. Probation Office.

AO 245B (UTD Rev. 03/25)    Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___7___ of ___10___

DEFENDANT: TADASHI KURA KOJIMA
CASE NUMBER: DUTX1:23CR00006-001 HCN

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 1,833.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| State of Utah Office for Victims of Crime | $1,833.00 | $1,833.00 | |
| 350 East 500 South, Suite 200 | | | |
| Salt Lake City, Utah 84111 | | | |

| **TOTALS** | $ 1,833.00 | $ 1,833.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (UTD Rev. 03/25)     Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Judgment—Page  8  of  10

DEFENDANT:  TADASHI KURA KOJIMA
CASE NUMBER:  DUTX1:23CR00006-001 HCN

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The Defendant shall pay the greater of $25 per quarter or 50% of his income while incarcerated. If the Defendant receives more than $200 from any outside source in any given month during the period of incarceration, all funds received in excess of $200 that month shall be paid toward restitution. The Defendant shall pay restitution at a minimum rate of $50 per month upon release from incarceration, subject to adjustment based on changes in the Defendant's financial circumstances.

AO 245B (UTD Rev. 03/25)    Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___9___ of ___10___

DEFENDANT:  TADASHI KURA KOJIMA
CASE NUMBER:  DUTX1:23CR00006-001 HCN

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __100.00__ due immediately, balance due

        ☐ not later than _____ , or
        ☐ in accordance with ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
SEE NEXT PAGE.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B (UTD Rev. 03/25)    Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Judgment—Page    10    of    10

DEFENDANT:  TADASHI KURA KOJIMA
CASE NUMBER:  DUTX1:23CR00006-001 HCN

## ADDITIONAL FORFEITED PROPERTY

The Defendant shall forfeit a Republic of Gamers laptop, model RYZEN 4000, series AX200NGW, SN: L8NRKD003182337; an ASUS TUF Gaming Fl7 laptop, model TUF706HM, SN: M7NRCX06ElI730G; a Motorola CE Cell phone, type MC36F; a Garmin Approach S20, SN: 4D02l7330; and a white 1998 Toyota Avalon, VIN: 4T1BF18B1WU284416.