FELICE JOHN VITI, Acting United States Attorney (7007)
CAROL A. DAIN, Assistant United States Attorney (10065)
TRAVIS K. ELDER, Assistant United States Attorney (11987)
Attorneys for the United States of America
111 South Main Street, Suite 1800 | Salt Lake City, Utah 84111
(801) 524-5682 | Travis.Elder@usdoj.gov

---

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TADASHI KURA KOJIMA, aka AARON MICHAEL ZEMAN,<br><br>Defendant. | **NOTICE OF COMPLIANCE WITH NOTICING REQUIREMENTS AND FINALITY OF FORFEITURE ORDER**<br><br>Case No. 1:23-CR-00006-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

The United States of America provides the following notice regarding its compliance with noticing requirements of the Court's January 21, 2025 Order of Forfeiture (ECF 41) and the finality of that order:

1.      On January 21, 2025, the Court entered its Order of Forfeiture (ECF 41), ordering TADASHI KURA KOJIMA to forfeit certain property ("forfeited property") including:

- Republic of Gamers laptop, model RYZEN 4000, series AX200NGW, SN: L8NRKD003182337;
- ASOF TUF F17 Gaming laptop, model TUF706HM, SN: M7NRCX06E11730G;
- Motorola CE Cell phone, type MC36F;

- Garmin Approach S20, SN: 4D0217330; and
- White 1998 Toyota Avalon, VIN: 4T1BF18B1WU284416.

2.     The Court's order authorized the United States to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of the forfeiture order. The United States has provided notice as required.

3.     As required by Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the government published notice of the Court's Order of Forfeiture in this case on an official internet government website (www.forfeiture.gov) for at least 30 consecutive days from January 23, 2025, through February 21, 2025, as shown by the enclosed declaration. The government also sent direct notice of the Court's Order of Forfeiture to any person (if any) who reasonably appeared to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding as indicated by the enclosed declaration.

4.     The Order of Forfeiture provided that it would become final as to defendant at the time of sentencing and would become a final order of forfeiture as provided in FED. R. CRIM. P. 32.2(c)(2) if no third party filed a timely claim to the forfeited property.

5.     The Court sentenced the defendant on April 14, 2025. ECF 46. The only potential remaining right of the defendant in the forfeited property is a right to request a stay of the forfeiture under FED. R. CRIM. P. 32.2(d) upon appeal of the judgment or forfeiture order. On April 16, 2025, the Court entered its judgment. ECF 47. The government has not appealed the judgment so under FED. R. APP. P. 4, the defendant had

14 days from the judgment's entry to file a notice of appeal. The defendant has not filed a timely notice of appeal of the judgment or the forfeiture order.

6.      As indicated by the enclosed declaration, all the deadlines for third parties to file a petition contesting the forfeiture have expired.

7.      Accordingly, the Court's Order of Forfeiture (ECF 41) is now a final order of forfeiture as to the Defendant and all other persons and entities.

Respectfully submitted,

FELICE JOHN VITI
Acting United States Attorney

/s/ **Travis K. Elder**
TRAVIS K. ELDER
Assistant United States Attorney

DECLARATION

I, Rebecca Reichert, a Paralegal for the United States Attorney's Office in the District of Utah, am responsible for assisting in the forfeiture proceedings related to *United States v. TADASHI KURA KOJIMA*, 1:23-CR-00006-CW.

Pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and consistent with the provisions of Rule G(4)(a)(iii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, I published notice of the Court's forfeiture order on an official government forfeiture website at www.forfeiture.gov. The publication began on January 23, 2025, and ran for 30 consecutive days until February 21, 2025. *See* enclosed Advertisement Certification Report. As provided in 21 U.S.C. § 853(n)(2), persons other than those who received direct notice of the forfeiture order had until March 24, 2025 (within thirty days of the final publication of notice) to file a petition contesting the forfeiture.

In compliance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, direct notice of the Court's Order of Forfeiture was sent to any person who reasonably appeared to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Such persons included the following who were sent our notice by certified mail:

| Name | Date Notice Sent | Date Notice Delivered | Deadline to File Petition |
|------|------------------|------------------------|---------------------------|
| Aaron Michael Zeman | 01/22/2025 | No Delivery Confirmation | |

A copy of the notice letter is enclosed. Such persons also include the following to whom the notice was sent by first-class mail, which was returned:

| Name | Date Notice Sent |
|------|------------------|
| Aaron Michael Zeman | 01/22/2025 |

A copy of the notice letter is enclosed.

4

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge and belief.

Dated: May 1, 2025.

FELICE JOHN VITI
Acting United States Attorney

/s/ *Rebecca Reichert*

Rebecca Reichert, Paralegal
Asset Forfeiture Section

5

Attachment 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CRIMINAL DIVISION
## COURT CASE NUMBER: 1:23-CR-00006-HCN; NOTICE OF FORFEITURE

Notice is hereby given that on January 21, 2025, in the case of <u>U.S. v. Tadashi Kura Kojima</u>, Court Case Number 1:23-CR-00006-HCN, the United States District Court for the District of Utah entered an Order condemning and forfeiting the following property to the United States of America:

Miscellaneous Electronic Equipment:
one (1) Republic of Gamers Laptop Model Ryzen 4000 series AX200NGW, Ser No: L8NRKD003182337 (23-FBI-002371), which was seized from Tadashi Kura Kojima on or about January 25, 2023 at or near Grand Island, NE.

one (1) ASOF TUF F17 Gaming Laptop Model TUF706HM, Ser No: M7NRCX06E11730G (23-FBI-002371), which was seized from Tadashi Kura Kojima on or about January 25, 2023 at or near Grand Island, NE.

one (1) Garmin Approach S20, Ser No: SN4D0217330 (23-FBI-002371), which was seized from Tadashi Kura Kojima on or about January 25, 2023 at or near Grand Island, NE.

one (1) Motorola CE Cellphone, Ser No: MC36F (23-FBI-002371), which was seized from Tadashi Kura Kojima on or about January 25, 2023 at or near Grand Island, NE.

1998 Toyota Avalon VIN# 4T1BF18B1WU284416 (23-FBI-002373), which was seized from Tadashi Kura Kojima on or about January 25, 2023 at or near Grand Island, NE.

The United States hereby gives notice of its intent to dispose of the forfeited property in such manner as the United States Attorney General may direct. Any person, other than the defendant(s) in this case, claiming interest in the forfeited property must file an ancillary petition within 60 days of the first date of publication (January 23, 2025) of this Notice on this official government internet web site, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(1). The ancillary petition must be filed with the Clerk of the Court, 351 S. West Temple, Salt Lake City, UT 84101, and a copy served upon Assistant United States Attorney Travis K. Elder, 111 South Main Street, Suite 1800, Salt Lake City, UT 84111. The ancillary petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

Following the Court's disposition of all ancillary petitions filed, or if no such petitions are filed, following the expiration of the period specified above for the filing of such ancillary petitions, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.

The government may also consider granting petitions for remission or mitigation, which pardon all or part of the property from the forfeiture.  A petition must include a description of your interest in the property supported by documentation; include any facts you believe justify the return of the property; and be signed under oath, subject to the penalty of perjury, or meet the requirements of an unsworn statement under penalty of perjury.  *See* 28 U.S.C. Section 1746.  For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R. Sections 9.1 - 9.9.  The criteria for remission of the forfeiture are found at 28 C.F.R. Section 9.5(a).  The criteria for mitigation of the forfeiture are found at 28 C.F.R. Section 9.5(b).  The petition for remission need not be made in any particular form and may be filed online or in writing.  You should file a petition for remission not later than 11:59 PM EST 30 days after the date of final publication of this notice.  *See* 28 C.F.R. Section 9.3(a).  The https://www.forfeiture.gov/FilingPetition.htm website provides access to a standard petition for remission form that may be mailed and the link to file a petition for remission online.  If you cannot find the desired assets online, you must file your petition for remission in writing by sending it to Assistant United States Attorney Travis K. Elder, 111 South Main Street, Suite 1800, Salt Lake City, UT  84111.  This website provides answers to frequently asked questions (FAQs) about filing a petition for remission.  You may file both an ancillary petition with the court and a petition for remission or mitigation.



## Advertisement Certification Report

The Notice of Publication was available on the www.forfeiture.gov web site for at least 18 hours per day between January 23, 2025 and February 21, 2025.  Below is a summary report that identifies the uptime for each day within the publication period and reports the results of the web monitoring system's daily check that verifies that the advertisement was available each day.

U.S. v. Tadashi Kura Kojima

**Court Case No:**       1:23-CR-00006-HCN
**For Asset ID(s):**       See Attached Advertisement Copy

| Consecutive Calendar Day Count | Date Advertisement Appeared on the Web Site | Total Hours Web Site was Available during Calendar Day | Verification that Advertisement existed on Web Site |
|---|---|---|---|
| 1 | 01/23/2025 | 23.9 | Verified |
| 2 | 01/24/2025 | 23.9 | Verified |
| 3 | 01/25/2025 | 23.9 | Verified |
| 4 | 01/26/2025 | 23.9 | Verified |
| 5 | 01/27/2025 | 23.9 | Verified |
| 6 | 01/28/2025 | 23.9 | Verified |
| 7 | 01/29/2025 | 23.9 | Verified |
| 8 | 01/30/2025 | 23.9 | Verified |
| 9 | 01/31/2025 | 24.0 | Verified |
| 10 | 02/01/2025 | 23.9 | Verified |
| 11 | 02/02/2025 | 23.9 | Verified |
| 12 | 02/03/2025 | 23.9 | Verified |
| 13 | 02/04/2025 | 23.9 | Verified |
| 14 | 02/05/2025 | 23.9 | Verified |
| 15 | 02/06/2025 | 23.9 | Verified |
| 16 | 02/07/2025 | 23.9 | Verified |
| 17 | 02/08/2025 | 23.9 | Verified |
| 18 | 02/09/2025 | 24.0 | Verified |
| 19 | 02/10/2025 | 23.9 | Verified |
| 20 | 02/11/2025 | 23.9 | Verified |
| 21 | 02/12/2025 | 23.9 | Verified |
| 22 | 02/13/2025 | 23.9 | Verified |
| 23 | 02/14/2025 | 23.9 | Verified |
| 24 | 02/15/2025 | 23.9 | Verified |
| 25 | 02/16/2025 | 23.9 | Verified |
| 26 | 02/17/2025 | 23.9 | Verified |
| 27 | 02/18/2025 | 23.9 | Verified |
| 28 | 02/19/2025 | 23.9 | Verified |
| 29 | 02/20/2025 | 23.9 | Verified |
| 30 | 02/21/2025 | 23.9 | Verified |

Additional log information is available and kept in the archives for 15 years after the asset has been disposed.

**U.S. Department of Justice**
United States Attorneys Office
*District of Utah*

*111 South Main Street, Suite 1800*
*Salt Lake City, Utah 84111-2176*

OFFICIAL BUSINESS



US OFFICIAL MAIL PENALTY FOR PRIVATE USE $300

US POSTAGE AND PITNEY BOWES

ZIP 84111 $ 000.73⁰
02 4W
0001131751 JAN 22 2025

1230R6

Aaron Michael Zeman
2831 N. Edith Blvd
Tucson, AZ 85716

NIXIE        850    FE  1        0001/30/25
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
UTF    BC:  84111217699    *0236-07285-23-43



**U.S. Department of Justice**

TRINA A. HIGGINS
United States Attorney
District of Utah

REPLY TO:
Travis K. Elder
Assistant United States Attorney
usaut.af@usdoj.gov

Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176

(801) 524-5682
(800) 949-9451
Direct: (801) 325-3260

January 22, 2025

**Via First-Class Mail &
Certified Mail (Tracking No.: 9589 0710 5270 0179 5644 78)**

Aaron Michael Zeman
2831 N. Edith Blvd
Tucson, AZ 85716

Re:    Notice of Order of Forfeiture & Rights
       *United States v. Tadashi Kura Kojima* | Case No. 1:23-CR-00006-HCN

Dear Mr. Zeman:

The United States District Court for the District of Utah recently ordered that certain property be forfeited to the United States in the above-referenced criminal case. The enclosed Order of Forfeiture identifies the properties subject to forfeiture. By this letter, you have actual notice of the forfeiture of that property. This letter is only intended to apprise you of your rights and does not imply that you have a legally valid interest in any of the forfeited property.

You may respond to this notice in three ways. If you do not want to claim an interest in any of the property listed in the Order of Forfeiture, no further action is necessary. Otherwise, you may file a third-party petition with the Court and/or submit a petition for remission to the Attorney General.

**Requirements for Filing a Judicial Petition**

Should you have a valid legal interest in the forfeited property, the procedure for filing a petition to adjudicate that interest in federal court is set out in 21 U.S.C. § 853(n).[1] If you choose

---

[1] A petitioner must demonstrate that (1) petitioner's legal right, title, or interest in the property was vested in petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture, or (2) petitioner was a *bona fide*

erest in the forfeited property, you must file it *within 30 days of*
it to the United States District Court, Room 150, 351 South West
101, under the above-listed case number. Additionally, you must
Assistant United States Attorney at usaut.af@usdoj.gov .

§ 853(n)(3), your petition must describe under penalty of perjury:
iperties in which you claim a legal right, title, or interest; (ii) the
title, or interest in each property; (iii) the time and circumstances
title, and interest in each property; (iv) any additional facts and
m; and (v) the relief you seek. If you fail to timely file a judicial
est in the forfeited property, any right, title, and interest you claim
forfeited to the Government.

**nts for Submitting a Petition for Remission**

ition to filing a petition in court, you may submit a petition for
eral, the requirements for which are found in 28 C.F.R. § 9. A
the validity of the forfeiture, but requests that the forfeited property
. The petition for remission must be submitted *within 30 days of*
iat the Attorney General return the forfeited property to you or
orfeited property. The petition must be submitted to the Attorney
Assistant United States Attorney, 111 South Main Street, Suite
.11. Further instructions and a form petition may be found at
igPetition.htm. This petition is separate and distinct from the
ust be filed with the court.

Very truly yours,

TRINA A. HIGGINS
United States Attorney

TRAVIS K. ELDER
Assistant United States Attorney

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TADASHI KURA KOJIMA,<br><br>Defendant. | **ORDER OF FORFEITURE**<br><br>Case No. 1:23-cr-6<br><br>Judge Howard C. Nielson, Jr.<br>United States District Judge |

The defendant has pleaded guilty to Count 2 of the Indictment. Having examined the information provided in the Government's motion, the Indictment, the guilty plea of the defendant, the defendant's statement in advance of plea that included his agreement regarding the forfeiture, and good cause appearing, the court makes the following findings:

1.      As a result of a guilty plea to transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a), the Government seeks forfeiture pursuant to 18 U.S.C. § 2428, which requires the defendant to forfeit to the United States any property used or intended to be used to commit or facilitate the commission of the offense, and any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense.

2.      Based on the information provided in the government's motion, the Indictment, the guilty plea of the defendant, and the statement in advance of plea that includes his agreement regarding the forfeiture, the court finds that the following property is subject to forfeiture and that the government has established the requisite nexus between the subject property and the offense:

- Republic of Gamers laptop, model RYZEN 4000, series AX200NGW, SN: L8NRKD003182337;

TUF    Gaming    Fl7    laptop,    model    TUF706HM,
NRCX06Ell730G;

a CE Cell phone, type MC36F;

Approach S20, SN4D02l7330; and

998 Toyota Avalon, VIN: 4T1BF18BlWU284416.

inds that the Government has made a *prima facie* showing

iny claim to the property, to establish that the defendant has an


J.S.C. § 2428 and Fed. R. Crim. P. 32.2(b)(1)(A), the property

:ed to the United States.

of this Order, in accordance Federal Rule of Criminal Procedure

. (or a designee) is authorized to seize the property and conduct any

ate, or dispose of the property subject to forfeiture.

iis Order the Attorney General (or a designee) shall commence any

' with statutes governing third party interests, including giving


es shall publish notice of this Order on the Government's internet

ie United States may also, to the extent practicable, provide written

ave an alleged interest in the subject property.

er than the defendant, asserting a legal interest in the subject

9.      Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

10.     Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claims; and the relief sought.

11.     After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

12.     The United States shall have clear title to the subject property following the court's disposition of all third-party interests or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853, which is incorporated by 28 U.S.C. § 2461, for the filing of third-party petitions.

13.     The court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

Dated this 21st Day of January, 2025
BY THE COURT:

3

Howard C. Nielson, Jr.
United States District Judge